J-S65006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SARA JOEL ENGLE | : | |
| | : | |
| Appellant | : | No. 1221 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 25, 2018
In the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-CR-0001523-2017

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:               **FILED FEBRUARY 11, 2020**

Sara Joel Engle appeals from the judgment of sentence imposed following her open guilty plea to one count each of recklessly endangering another person ("REAP"), and driving while operating privileges suspended – DUI related. Additionally, Engle's court-appointed counsel seeks to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant counsel permission to withdraw.

Engle was found driving her vehicle, with her two-year-old daughter in the back seat, in the cemetery across from her house. When officers

_____

[*] Retired Senior Judge assigned to the Superior Court.

approached she jumped out of the vehicle and appeared to be disoriented. At the time, Engle's driving privileges were suspended due to a prior conviction.

Engle was arrested and charged with numerous offenses. On May 23, 2018, Engel pled guilty to REAP and driving while operating privilege is suspended, DUI related.[1] Sentencing was deferred for preparation of a presentence investigation report ("PSI").

On July 11, 2018, the Commonwealth and defense counsel appeared for sentencing. Engle did not appear and her counsel had no explanation for her absence. The court granted defense counsel's oral request for a continuance.

On July 25, 2018, the Commonwealth and defense counsel appeared for sentencing. Engle failed to appear again without cause. A bench warrant was issued. The court proceeded to sentence Engle *in absentia* to nine to twenty-four month's incarceration for REAP and a consecutive ninety days' incarceration for driving while operating privilege is suspended, DUI related. On August 1, 2018, Engle was arrested on the bench warrant and ordered to begin her sentence on the above charges.

On August 6, 2018, Engle filed a post-sentence motion to modify sentence, contending that her status as a mother, her abusive relationship with the father of her child, and her mental health needs were a sufficient

_____

[1] The Commonwealth agreed to dismiss all other charges in exchange for Engle's plea.

basis for a modification to her sentence. The trial court denied the motion after a hearing.

Despite Engle requesting an appeal be filed, the Public Defender's office failed to file an appeal on her behalf. Engel subsequently filed several motions which the trial court treated as a first petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The trial court denied the motions and appointed counsel to represent Engle in filing a PCRA petition. On April 23, 2019, counsel filed an amended petition seeking reinstatement of Engle's direct appeal rights. The PCRA court granted relief and this timely appeal followed.

We turn first to counsel's petition to withdraw. To withdraw pursuant to **Anders**, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [**Anders**] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). With respect to the third requirement of **Anders**, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).

An **Anders** brief must comply with the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. "[I]f counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (brackets added, citation omitted).

We find counsel has complied with the preliminary requirements of **Anders** and **Santiago**. Counsel filed a petition to withdraw, certifying he has reviewed the case and determined that Engle's appeal is frivolous. Further, counsel attached to his petition a copy of his letter to Engle advising her of her rights. This Court entered an order advising counsel that his letter was inadequate and directing counsel to file a letter in compliance with **Commonwealth v. Muzzy**, 141 A.3d 509 (Pa. Super. 2016).

Counsel complied, filing a letter advising Engle of her immediate right to proceed *pro se* and/or right to hire private counsel. Counsel also filed a brief, which includes a summary of the history and facts of the case[2], potential

---

[2] The summary of the procedural history and facts does not contain citations to the record. However, we do not find this impairs our review of the case.

issues that could be raised by Engle, and his assessment of why those issues are meritless, with citations to relevant legal authority. Counsel has thus complied with the requirements of **Anders** and **Santiago**. Engle did not file a response. We may proceed to review the issue outlined in the **Anders** brief.

The only issue in the **Anders** brief presents a general challenge to the discretionary aspects of Engle's sentence.[3] "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

---

[3] As Engle entered an open guilty plea, she retained the right to challenge the discretionary aspects of her sentence. **See Commonwealth v. Luketic**, 162 A.3d 1149, 1159 (Pa. Super. 2017) (holding that when a defendant enters guilty plea which does not involve a plea bargain designating the sentence to be imposed, he waives the right to challenge all non-jurisdictional defects except the legality of the sentence and the validity of the plea, but retains the right to challenge the discretionary aspects of his sentence).

Here, Engle preserved her issue through a timely post-sentence motion to modify sentence, and filed a timely appeal. However, counsel has failed to include a Pa.R.A.P. 2119(f) statement. "Where counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted).

In her post-sentence motion, Engle requested a modification of her sentence based on the fact that she wanted to be closer to her family, specifically her two year old daughter, and that her physical and mental health needs would be set back due to incarceration. In her 1925(b) statement, Engle simply asserts that the trial court erred in denying her motion for post-sentence relief challenging the discretionary aspects of her sentence without further explanation. These claims do not raise a substantial question.

Even if Engle raised a substantial question, the issue is not meritorious. Engle's sentence is not clearly unreasonable. The court considered a pre-sentence report and sentenced Engle within the standard sentencing range. Moreover, the court explained its reasons for its sentence on the record. **See** N.T., Sentencing, 7/25/2018, at 6-8 (taking note of the pre-sentence report, prior record score, criminal history, and failure to appear for sentencing).

In as much as Engle is claiming the court did not consider certain mitigating evidence, she had three prior occasions to bring information to the court – two scheduled sentencing hearings and a pre-sentence interview with adult probation – all of which she failed to attend. Further, the court specifically stated in its opinion that even considering the information Engle alleges in her post-sentence motion, the court nevertheless believes the sentence imposed is still appropriate.

Engle's challenge to the discretionary aspects of her sentence is meritless. Our independent review of the record reveals no other, non-frivolous issues that she could raise on appeal.

We affirm Engle's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/11/2020